

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 5, 1962

Colonel W. B. Bates, Chairman
Board of Regents
University of Houston
Houston, Texas

Opinion No. WW-1269

Re: Whether a proposed non-
denominational 'Religious
Center' building, which
is to be constructed and
equipped with donated funds,
is a proper and valid
facility of the University
of Houston.

Dear Colonel Bates:

In your request for an opinion from this office, you
enclosed a copy of a Resolution adopted by the Board of Regents
of the University of Houston on July 25, 1961. By the express
wording of this Resolution the policy of the University of
Houston is established with regard to the proposed 'Religious
Center' building which is to be constructed on the University
of Houston campus. That portion of the Resolution most
pertinent to our discussion reads as follows:

"WHEREAS, the University of Houston has
projected plans for a building on its campus
to be known as a 'Religious Center,' and

"Whereas, the Religious Center is planned
for the use of member denominations of the
University's Religious Groups Council to pro-
vide office space and facilities for various
religious services and meetings for their
officially recognized religious advisors and
their respective student groups, and it is also
planned that said building shall be used from
time to time by student and faculty groups of
the University for various other University
educational purposes, and

"Whereas, each denomination and/or individual
members of these denominations have or will con-
tribute financially toward the construction of
said Religious Center Building to the end that

all of the cost of constructing, equipping and furnishing said building shall be met by donations, gifts and/or endowments to the University for such purposes, and

" . . .

"BE IT RESOLVED, THEREFORE:

" . . .

"3. That the auditorium and other facilities of the Religious Center be set aside for denominational services, lectures or meetings, and for use for such other student and faculty purposes as the University Administration may deem appropriate, on an equitable scheduling procedure, to be administered by the Office of the Director of Religious Activities of the University and/or by such other University Administrative officer or officers as may be from time to time designated by the University Administration.

" . . .

"5. That where reference is made in this Resolution to stipulated procedure and/or regulations of the Constitution of the Religious Groups Council, it is understood that the said Constitution, future amendments thereto, if any, and stipulated procedures, and/or regulations thereunder, both present and future, shall be first subject, from time to time, to prior approval by the University Administration.

"6. That as a part of the University campus and facilities the said Religious Center and its use shall be in accordance with University of Houston rules and regulations."

In view of the foregoing Resolution you ask whether this Religious Center building will be a proper and valid facility of the University of Houston as a state-supported institution.

The University of Houston became a state-supported institution of higher learning on September 1, 1961, by virtue of Senate Bill 2, 57th Legislature, Regular Session,

1961. This Bill is codified as Article 2615-g, Vernon's Civil Statutes. Section 1 of this Act provides as follows:

"Sec. 1 There is hereby established in the City of Houston, Harris County, Texas a co-educational institution of higher learning, which shall be known as the University of Houston, to be conducted, operated and maintained under a Board of Regents as herein provided."

Also Section 9 provides:

"Sec. 9 The Board of Regents is authorized to accept donations, gifts and endowments for the University to be held in trust and administered by said Board for such purposes and under such directions, limitations and provisions as may be declared in writing in the donation, gift, or endowment, not inconsistent with the laws of the State of Texas or with the objectives and proper management of said University."

Section 11, the most important to our discussion, reads as follows:

"Sec. 11 The Board of Regents of the University of Houston is hereby authorized and empowered without cost to the State of Texas to construct or acquire through funds or loans obtained from the United States of America, or any agency thereof, or any other source, public or private, and accept title thereto subject to such conditions and limitations as may be prescribed by said Board, including, but not limited to class room buildings, dormitories, kitchens and dining halls, hospitals, libraries, student activity buildings, gymnasia, athletic buildings, and stadia, and such other buildings and facilities as may be needed for the good of the University of Houston and the moral welfare and social conduct of its students, when the total cost, type of construction, capacity of the buildings, plans and specifications have been approved by the Board. (Emphasis added)

Provided further, that the Board is authorized to fix fees and charges against the

Colonel W. B. Bates, page 4 (WW-1269)

> students for the use of the buildings and
> facilities erected under the authorization
> of this Section so long as indebtedness remains
> against such buildings and their equipment,
> and to pledge the revenues from such fees and
> charges for the payment of the costs of
> construction and equipment of such buildings."

Finally, Section 15 provides as follows:

> "Sec. 15  From and after the operative
> date of this Act, the University of Houston
> herein created shall be subject to the obli-
> gations and entitled to the benefits of all
> General Laws of Texas applicable to all other
> state institutions of higher learning, except
> where such General Laws are in conflict with
> this Act, and in such instances of conflict
> this Act shall prevail only to the extent of
> such conflict."

Except for the proviso underscored below, Section 1 of Article 2603c, Vernon's Civil Statutes, is substantially identical to Section 11 of Senate Bill 2, supra. Section 1 of Article 2603c reads as follows:

> "Sec. 1  The Board of Regents of the
> University of Texas and its branches, and
> the Board of Directors of the Agricultural
> and Mechanical College, and its branches,
> and the Board of Directors of Texas Technological
> College, and the Board of Regents of the Texas
> State Teachers College, and the Board of
> Regents  of the State College for Women,
> and the Board of Directors of the College of
> Arts and Industries are hereby severally
> authorized and empowered to construct or
> acquire through funds or loans to be obtained
> from the Government of the United States, or
> any agency or agencies thereof, created under
> the National Recovery Act, or otherwise created
> by the Federal Government or from any other
> source private or public, without cost to the
> State of Texas, and accept title, subject to
> such conditions and limitations as may be
> prescribed by each of said Boards, dormitories,
> kitchens and dining halls, hospitals, libraries,
> student activity buildings, gymnasia, athletic

buildings and stadia, and such other buildings as may be needed for the good of the institution and the moral welfare and social conduct of the students of such institutions when the total cost, type of construction, capacity of such buildings, as well as the other plans and specifications have been approved by the respective Governing Boards; provided, however, that the Legislature shall never make an appropriation out of the general fund of this State, either in the regular appropriation bill or in a supplemental or emergency appropriation bill, for the purpose of equipping or for the purpose of purchasing and installing any utility connections in any of the buildings erected under and by virtue of the provisions of this Act." (Emphasis added)

Also, Section 7 and 8 of Article 2603c provide as follows:

"Sec. 7 It is further provided that land owned by the State or any of said institutions may be used as building sites and ground for such buildings acquired under the provisions of this Act.

"Sec. 8 Provided further that each of said boards is hereby authorized to acquire by gift or by purchase out of funds derived by pledging the revenues as herein provided such tracts of land, without cost to the State of Texas as may be necessary as building sites and grounds for the erection of such buildings."

It is our opinion, based on the statutory provisions cited above, that the Board of Regents of the University of Houston has the authority to construct and equip the proposed building with funds obtained from private sources and without cost to the University, if in the discretion of the Board, the building is needed for the good of the University of Houston and the moral welfare and social conduct of its students.

It must be noted that Section 11 of Article 2615g read in the light of Section 1 of 2603c would specifically prohibit the Legislature from appropriating money out of the general fund for the equipping of any building so acquired or for the purchase and installing of any utility

connections in such a building.

Furthermore, Section 7 of Article 1 of the Texas Constitution provides as follows:

"Sec. 7  No money shall be appropriated, or drawn from the Treasury for the benefit of any sect, or religious society, theoligical or religious seminary; not shall property belonging to the State by appropriated for any such purposes."

In view of the obvious purpose of this provision you are advised that you may not use public funds for the support of any particular religious sect.  Church v. Bullock, 104 T.1, 109 S.W.115 (1908), Attorney General's Opinion V-940 (1940)

In your letter requesting an opinion you make the following statement:  "The University of Houston does not require students to attend religious meetings nor does it inquire into the religious views of the students.  This is a non-denominational religious center which may be used by students in groups of all religious faiths."  The policy of the University of Houston in this respect as expressed by the Resolution of July 25,1961, substantiates this statement.

Finally, it is our opinion that the policy of the University of Houston with regard to the construction and operation of the proposed Religious Center building is in strict compliance with the statutes and the constitutional provision quoted above, therefore we consider the proposed Religious Center building a proper and valid facility of the University of Houston.

S U M M A R Y

A proposed non-denominational religious center building to be constructed and equipped with donated funds is a proper and valid facility of the University of Houston.

Very truly yours,

WILL WILSON
Attorney General of Texas

By   I. Raymond Williams, Jr.
Assistant

IRW:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
J. C. Davis
Elmer McVey
Howard Mays
Dick Wells

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.